UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

SAMUEL LAWRENCE WOOD,

    Plaintiff,

V.

ANGEL WILSON, *et al.*,

    Defendants.

Civil Action No. 6:18-cv-210-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

*Pro se* plaintiff Samuel Wood claims that several staff members at the Federal Correctional Institution in Manchester, Kentucky, violated his constitutional rights by failing to provide him with proper medical treatment for a cyst on his scalp. Wood has paid the applicable filing fees and his complaint is now before the Court for initial screening. Pursuant to 28 U.S.C. § 1915A, the Court shall dismiss any portion of Wood's complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). For the reasons that follow, Wood's complaint fails to state a claim upon which relief may be granted, and this action will be dismissed.

In his complaint, Wood alleges that he suffers from "a growth, cyst, or tumor" that results in secretions on the top of his head, headaches, tenderness, and pain. [R. 1 at 5.] Wood claims that five different individuals from FCI-Manchester "failed to listen" to his complaints about the cyst and that this failure to listen has resulted in misdiagnoses. [*Id.*] According to the documents Wood attached to his complaint, Wood has claimed to suffer from this health problem since he first arrived at FCI-Manchester. [*Id.* at 107.] Because Wood's persistent claims about the cyst

and its side effects have differed from the repeated findings of examining healthcare providers, Wood has been referred for mental health treatment. [*Id*. at 107-08.] As bases for relief in this action, Wood invokes the Fourteenth Amendment and both 42 U.S.C. § 1983 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

To begin, Wood's complaint is concerned with the actions of federal, rather than state or county, prison officials, so *Bivens*, not 42 U.S.C. § 1983, would provide Wood the appropriate vehicle for relief. *See Bivens*, 403 U.S. 388. Further, although Wood refers solely to the Fourteenth Amendment in his complaint, his claims are appropriately analyzed under the more specific protections provided by the Eighth Amendment's prohibition against cruel and unusual punishment. *See United States v. Lanier*, 520 U.S. 259, 272 n. 7 (1997) ("[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.").

In order to state a cognizable Eighth Amendment claim for inadequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim involves a two-part inquiry: "both an objective component (was the deprivation sufficiently serious?) and a subjective component (did the officials act with a sufficiently culpable state of mind?)" must be proven before relief may be granted. *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992) (citing *Wilson v. Seiter*, 501 U.S. 294 (1991)). Notably, allegations of medical malpractice or negligent diagnosis and treatment are not cognizable in the constitutional context. *See, e.g., Alexander v. Federal Bureau of Prisons*, 227 F. Supp. 2d 657, 665 (E.D. Ky. 2002). "Moreover, when a plaintiff claims deliberate indifference to his serious medical needs but the

case involves a difference of opinion between the plaintiff and a doctor regarding the plaintiff's diagnosis and treatment, no claim is stated." *Id.* (citing *Estelle*, 429 U.S. at 107).

In this case, Wood has failed to allege the elements necessary to make out a viable Eighth Amendment claim. Regardless of whether Wood's cyst amounts to a sufficiently serious medical need so as to satisfy the objective component of the analysis, Wood has pled no subjective culpability on the part of the defendants. Instead of contending the defendants intentionally disregarded a risk to his health or safety, he simply claims the defendants failed to listen to him and/or misdiagnosed him. [*See* R. 1 at 5.] The Sixth Circuit has made abundantly clear that "[o]rdinary medical malpractice does not satisfy the subjective component." *Grose v. Corr. Medical Servs., Inc.*, 400 F. App'x 986, 988 (6th Cir. 2010). And Wood's allegations of failure to listen and misdiagnosis fall within the scope of ordinary medical malpractice:

> [A] plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment. When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.

*Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (internal citations omitted).

Indeed, Wood has not alleged that any of the defendants failed to provide him with treatment, delayed necessary treatment, or otherwise deliberately ignored an objectively serious medical condition. To the contrary, Wood has attached more than one hundred pages of medical records and other documents that collectively suggest the defendants were attentive to Wood's concern about the cyst and, further, that the defendants arranged for certain treatment for Wood, repeatedly. [*See, e.g.*, R. 1 at 19, 26-27 (noting various times Wood's scalp was inspected and treatment—including an x-ray examination—was provided).] It appears that Wood disagrees—and has disagreed for some time—with the diagnoses he has been given, and that Wood

3

wholeheartedly believes he needs additional treatment in the form of an MRI. But this disagreement over the appropriate diagnosis or resultant care does not rise to the level of a constitutional violation. *See, e.g.*, *Alexander*, 227 F. Supp. 2d at 665.

Because Wood's complaint does not allege the necessary elements of an Eighth Amendment claim, the matter is appropriately dismissed at the screening stage. Wood has failed to state a claim upon which relief may be granted, and the Prison Litigation Reform Act therefore provides for dismissal of his case. *See* 28 U.S.C. § 1915A. Accordingly, the Court hereby **ORDERS** as follows:

1. Wood's complaint is **DISMISSED**;

2. Any pending motions are **DENIED** as moot;

3. This matter is **DISMISSED** and **STRICKEN** from the Court's active docket; and

4. Judgment shall be entered contemporaneously herewith.

Dated October 19, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY